**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0184-19T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WENDY L. LADOUCEUR,

     Defendant-Appellant.

_____

        Submitted January 12, 2021 – Decided January 26, 2021

        Before Judges Haas and Mawla.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 18-11-1526.

        Kahn, Gigliotti & Lehrfeld, LLC, attorneys for appellant (Ross M. Gigliotti, on the brief).

        Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Wendy L. Ladouceur appeals from the Law Division's April 11, 2019 order, which denied her application for entry into the pre-trial intervention (PTI) program. We affirm.

At approximately 6:45 p.m. on January 18, 2018, defendant drove her car head-on into another vehicle. A witness who was driving behind defendant at the time of the crash told the police that defendant's car was all over the road and was weaving in and out of the oncoming traffic. The witness saw defendant's car cross the double yellow line and strike the victims' vehicle. The driver of the other car suffered a broken finger on her left hand and the driver's ten-year-old son sustained a head wound that required thirteen stitches to close.

At the scene, defendant appeared disoriented and confused. Initially, defendant told the police she did not remember what happened. However, she soon admitted that she was drunk and the police detected the odor of alcoholic beverages on her breath. The police drove her to the hospital where a blood test revealed that defendant's blood alcohol content was .286%.

A Burlington County grand jury later returned an indictment charging defendant with two counts of fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2). The police also charged defendant with driving while intoxicated (DWI), N.J.S.A. 39:4-50.

Defendant applied for admission to the PTI program.  The PTI Director for Criminal Case Management denied the application in a January 31, 2019 letter.  The PTI Director explained that after considering "the totality of [the] circumstances, including the injuries to both [of the victims]," the driver's "strong objection" to the application, defendant's cooperation in the process, her full-time employment, and her remorse, the Director could not provide a positive recommendation on the application.

Defendant filed a motion with the Law Division to appeal her rejection from the PTI Program.  Pursuant to State v. Nwobu, 139 N.J. 236, 246 (1995), the county prosecutor declined to accept defendant's application into the PTI program, relying upon the reasons for rejection articulated by the PTI Director. Following oral argument, Judge Terrence R. Cook rendered a comprehensive oral decision confirming the denial of defendant's application.

Thereafter, defendant pled guilty to one count of assault by auto and to DWI.[1]  Pursuant to her negotiated plea, Judge Cook sentenced defendant to two years of probation on the assault by auto charge, subject to certain conditions listed in the Judgment of Conviction.  On the DWI conviction, the judge imposed

---

[1]  The second count of assault by auto was dismissed pursuant to the plea agreement.

A-0184-19T2

a ninety-day driver's license suspension and appropriate monetary penalties.

This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I: THE LOWER COURT ABUSED ITS DISCRETION BY AFFIRMING THE [PTI] DIRECTOR'S REJECTION OF DEFENDANT'S TIMELY APPLICATION TO THE PTI PROGRAM, AND FAILING TO PROPERLY APPLY [N.J.S.A. 2C:43-12(a)(1)].
>
>> I(a): [The] [l]ower court erred because it did not correctly and properly apply [N.J.S.A. 2C:43-12(a)(1)].
>>
>> I(b): The PTI Director's rejection of defendant's PTI application and attached mischaracterization of defendant's criminal conduct prejudiced defendant before any dispositive proceeding. (Not raised below).
>
> POINT II: THE REJECTION OF DEFENDANT'S TIMELY APPLICATION TO THE PTI PROGRAM, WITH [THE] LOWER COURT'S APPROVAL, CONSTITUTES AN INFRINGEMENT OF DEFENDANT'S EIGHTH AMENDMENT RIGHTS BECAUSE THE REJECTION ITSELF CONSTITUTES AN EXTRAJUDICIAL PUNITIVE MEASURE IN NATURE, AND IS NOT PROPORTIONAL TO THE OFFENSE COMMITTED. (Not raised below).

We have considered these arguments in light of the record and applicable

legal principles and conclude they are without sufficient merit to warrant

A-0184-19T2

discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Cook in his well-reasoned oral opinion. We add the following brief comments.

Our scope of review of a prosecutor's decision to deny admission to PTI is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003) (citations omitted). "In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" State v. Watkins, 193 N.J. 507, 520 (2008) (citation omitted). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Ibid. (citation omitted).

Applying these principles, we discern no patent or gross abuse of discretion by the PTI Director or the prosecutor under the circumstances of this case. We are satisfied that Judge Cook properly addressed the relevant factors and considered the appropriate standard in denying defendant's application to be admitted to PTI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0184-19T2